UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DARRIEN IRVING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:16-cv-04149-SLD-JEH |
| LUCAS ALLEN GUYTON, TRINITY HOSPITAL, ROCK ISLAND SHERIFF'S DEPARTMENT, and ROCK ISLAND COUNTY JAIL, | ) ) ) ) ) |
| Defendants. | ) ) ) |

ORDER

Before the Court are Defendant Trinity Medical Center's ("Trinity's") motion to dismiss the Complaint, ECF No. 16; Defendants Rock Island County Jail's and Rock Island Sheriff Department's ("the Rock Island defendants'") motion to dismiss, ECF No. 21; and Plaintiff Irving's motion to quash one or both motions to dismiss, ECF No. 25.  For the following reasons the motions to dismiss are GRANTED and the motion to quash DENIED.

**BACKGROUND[1]**

Irving alleges that on September 11, 2015, Defendant Guyton, a police officer, pulled him from his car (apparently during a traffic stop, although Irving does not say) and punched him in the back of the head.  Guyton "stunned" Irving twice (Irving may mean that this was done with a Taser), and hit him repeatedly in the face.  Afterward Guyton took him to Trinity for

---

[1] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Complaint, ECF No. 1.

1

treatment of his injuries. Irving filed suit on August 1, 2016, and, proceeding pro se, alleged that Guyton violated his rights under the United States Constitution. Compl. 1, ECF No. 1. He brought this claim pursuant to 42 U.S.C. § 1983. *Id.* He also brought claims against Trinity, and against the Rock Island defendants. *Id.* at 8.

## DISCUSSION

### I. Legal Standard on a Motion to Dismiss

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id*. This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

### II. Analysis

#### a. Trinity's Motion to Dismiss

Trinity argues that Irving fails to state a claim against it under 42 U.S.C. § 1983 because Irving does not allege an express policy, widespread practice, or person with final policymaking authority who caused his injury. Mem. Supp. Mot. Dismiss 4–5, ECF No. 17. It further argues that Irving fails to allege a constitutional violation under the Eighth or Fourteenth Amendments, and that Irving does not meet the pleading requirements for medical negligence or malpractice

claims under Illinois law, *id.* at 2–4.  Irving replies (assuming that his motion to quash and response apply to both motions to dismiss) that he has "good enouge [sic] reason to sue Trinity hospital for they [sic] wrong doings . . . ." because Trinity "didn't do anything about" the injuries he suffered at Guyton's hands.  Mot. Quash 1–2.

Trinity argues that it cannot be vicariously liable for any tort potentially inflicted by its employees on Irving, because it is not liable for the constitutional torts of its employees under the doctrine of respondeat superior when sued under § 1983.[2]  *See Billings v. Madison Metro. Sch. Dist.*, 259 F.3d 807, 817 (7th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)) (explaining that a municipality may not be sued under § 1983 for the acts of its employees, but may only be liable if plaintiff's injury was caused by an express policy, widespread practice, or person with final policymaking authority); *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014), *cert. denied* 190 L. Ed. 2d 832 (2015) (upholding Seventh Circuit precedent applying *Monell* to private corporations).  To state a *Monell* claim, plaintiffs must plead "factual content that allows the court to draw the reasonable inference" that the defendant maintained a policy or custom that caused the alleged constitutional violation. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).  While courts interpret pro se pleadings generously, "[e]ven *pro se* plaintiffs must at least suggest that [a *Monell* defendant] could be found liable under an [sic] *Monell* analysis." *Carpenter v. City of Chicago*, 290 F. Supp. 2d 932, 933 (N.D. Ill. 2003).  Here, all Irving alleges by way of

---

[2] The case that Trinity cites, *Billings v. Madison Metropolitan School District*, 259 F.3d 807, 817 (7th Cir. 2001), involves a municipal entity; Trinity is of course not a municipal entity but a private hospital, as explained in the affidavit of Dr. Kevin Kruth, Medical Director of Trinity's Emergency Department.  *See* Kruth Aff., Trinity's Mem. Supp. Mot. Dismiss Ex. A, ECF No. 17-1.  Since Trinity is not a state entity, for Trinity to be liable under § 1983 there would have to be a "sufficiently close nexus between the state and the private [actor] so that the action may be fairly treated as that of the State itself."  *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (internal quotation marks and citation omitted).  Trinity does not argue this point, perhaps conceding or assuming for the sake of argument that there is such a nexus (despite the contents of Kruth's affidavit).  In any case, Irving's claim against Trinity fails for the independent and sufficient reason detailed below.

specific facts against Trinity is that "[t]hey did not take any pictures of [his] face, or any injuries and bruises." Compl. 8. He makes no allegations that suggest Trinity's treatment of him was deficient, let alone the result of a constitutionally deficient policy or practice, as he must in order to make out a *Monell* claim.

Furthermore, Trinity correctly argues that Irving fails to meet the requirements for alleging any possible state law claim. Such a claim, not arising under federal law, would have to arise under the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. But in order to make out such a claim, a plaintiff must allege that the parties to the suit are of completely diverse citizenship, and Irving makes no allegations as to the parties' citizenship. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992). Furthermore, for any claim brought under Illinois law, whether in tort or contract, in which a plaintiff seeks damages "by reason of medical, hospital, or other healing art malpractice," the plaintiff must include an affidavit indicating that the affiant has consulted with a health professional who, inter alia, has determined in writing that there is "reasonable and meritorious cause" for filing the lawsuit. 735 ILCS 5/2-622(a). This rule applies whether or not a plaintiff is pro se. *Id.* Since Irving has met neither the basic requirements for bringing suit under the Court's diversity jurisdiction, nor those for bringing a claim for rendering deficient medical service under Illinois law, he fails to bring a claim against Trinity under Illinois law.

Failing adequately to allege a violation of the laws of the United States or of Illinois against Trinity Medical Center, Irving's claim against it must be dismissed.

    b.  **The Rock Island Defendants' Motion to Dismiss**

The Rock Island defendants move to dismiss on the basis that neither Rock Island County's Sheriff's Department, nor its jail, are proper entities to sue under 42 U.S.C. § 1983. Irving does not address this contention.

As an initial matter, the Rock Island defendants have not complied with Local Rule 7.1(B)(1). The Rule requires that every motion raising a question of law "must include a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies." While the Rock Island defendants cite Federal Rule of Civil Procedure 12, and the Local Rule itself, their motion to dismiss lacks a memorandum of law. Rock Island Mot. Dismiss 1. What it does contain is the proposition, in two sentences, that Rock Island County Jail and the Rock Island Sheriff's Department are not "proper parties" because "[n]either is a legal entity capable of being sued," *id.*, followed by a string of citations to district court authority and statutes that is neither organized in the order suggested by Bluebook Rule 1.4, nor equipped with any indication of what pages of the orders and opinions cited are supposed to contain the authority asserted for them. The motion thus complies with neither the letter nor the spirit of the Local Rule, which is designed to allow the Court easily to construe, and parties easily to contest, a litigant's request.

Fortunately for the Rock Island defendants, although district courts are empowered not to consider motions that do not comply with local rules, *see Pierce v. Illinois Dep't of Human Servs.*, No. 17-1480, 2009 WL 3416213, at *2 (7th Cir. Oct. 26, 2009), the defendants' motion is meritorious, and the Court, not wishing to require redundant filings, trusts that the above admonition will be sufficient to induce future compliance with the rules.

42 U.S.C. § 1983, under which Irving brings his claims against the Rock Island defendants, provides that "[e]very person who, under color of statute . . . subjects . . . [anyone] to

5

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" is liable to the injured party in a civil suit. Initially, only natural persons could be sued under § 1983. *Monroe v. Pape*, 365 U.S. 167, 187–92 (1961). However, the Supreme Court in *Monell* extended § 1983's coverage to include municipal corporations. *Monell*, 436 U.S. at 690. Private companies and their employees can also now be sued via § 1983 under *Monell*. *See, e.g.*, *Wyatt v. Cole*, 504 U.S. 158, 161–62 (1992); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). But "person" has never been extended to include sheriff's departments or jails, which are merely divisions of local governmental entities. Furthermore, an entity's capacity to sue or be sued in federal court is determined, for parties which are neither individuals nor corporations, by the law of the state where the district court is located. Fed. R. Civ. P. 17(b)(3). Illinois statute expressly provides that counties may be sued, 55 ILCS 5/5-1001, but does not contemplate suit against sheriff's offices or jails. *See Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979). Neither of the Rock Island defendants is amenable to suit under the relevant state or federal law. Irving's claims against them must be dismissed.

## CONCLUSION

Accordingly, Defendant Trinity Medical Center's motion to dismiss, ECF No. 16, is GRANTED. That motion being granted, Trinity's request for oral argument is MOOT. Defendants Rock Island Sheriff's Department's and Rock Island County Jail's motion to dismiss, ECF No. 21, is also GRANTED. Plaintiff Irving's motion to quash, ECF No. 25, is DENIED. The Clerk is directed to terminate Trinity Medical Center, the Rock Island Sheriff's Department, and Rock Island County Jail from the case.

The summons the Court ordered to be served on the only remaining defendant, Lucas Allen Guyton, was returned unexecuted. *See* Summons, ECF No. 14. The Clerk is therefore ordered to deliver another copy of the Complaint, Summons, and USM 285 form to the United States Marshal, who is directed to serve Guyton in accordance with Federal Rule of Civil Procedure 4.

Entered this 18th day of January, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
